UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MORRIS JOHNSON,

        Petitioner,                  Case No. 1:10-cv-537

v.                                         Honorable Janet T. Neff

CAROL HOWES,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner is incarcerated in the Florence Crane Correctional Facility. He was convicted in the Calhoun County Circuit Court of assault with intent to do great bodily harm less than murder. He was sentenced as a fourth habitual offender to a term of twenty-five to forty-years' imprisonment. As discussed below, the trial court later resentenced him as a third habitual offender to imprisonment of 160 to 240 months. The Michigan Court of Appeals affirmed his conviction in an unpublished opinion issued on November 6, 2001 and the Michigan Supreme Court denied his application for leave to appeal on April 29, 2002. *See People v. Johnson*, No. 218999 (Mich. Ct. App. Nov. 6, 2001); *People v. Johnson*, No. 120448 (Mich. Apr. 29, 2002).

Petitioner filed numerous post-conviction motions in the Calhoun County Circuit Court. He filed his first motion for relief from judgment on June 10, 2003. The Court denied his motion on July 29, 2003. Petitioner sought leave to appeal in the Michigan Court of Appeals, but his appeal was dismissed on November 16, 2004, due to an administrative filing defect. *See People v. Morris*, No. 255971 (Mich. Ct. App. Nov. 16, 2004). He did not seek further review in the Michigan Supreme Court.

Petitioner also filed a motion for correction of his sentence claiming that he was not a fourth habitual offender, which was denied by the trial court. Petitioner filed a complaint for superintending control in the Michigan Court of Appeals, which was dismissed for lack of jurisdiction on June 28, 2006. *See People v. Morris*, No. 270378 (Mich. Ct. App. June 28, 2006). The court of appeals denied his motion for reconsideration on August 4, 2006. Petitioner did not appeal to the Michigan Supreme Court.

A few moths later, on November 30, 2006, Petitioner filed a second motion for relief from judgment in the Calhoun County Circuit Court. The trial court denied his motion on December 28, 2006. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. In lieu of granting the delayed application, the court of appeals vacated the circuit court's order denying Petitioner relief from judgment and remanded the case for resentencing. The court of appeals found that Petitioner presented new evidence that one of the felony convictions underlying the habitual offender supplement had been reduced to a misdemeanor, and, thus, Petitioner was entitled to resentencing as a third habitual offender. *See People v. Johnson*, No. 278485 (Mich. Ct. App. Dec. 14, 2007).

Following resentencing, Petitioner filed an appeal claiming that the trial court erred in calculating the sentencing guidelines by departing upward from the guideline range. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on December 2, 2008 and April 28, 2009, respectively. *See People v. Johnson*, No. 287928 (Mich. Ct. App. Dec. 2, 2008); *People v. Johnson*, No. 138131 (Mich. Apr. 28, 2009).

Petitioner filed the instant petition on or about June 1, 2010, raising ten grounds for habeas corpus relief.[1]

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on June 1, 2010, and it was received by the Court on June 4, 2010. Thus, it must have been handed to prison officials for mailing at some time between June 1 and 4. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on April 29, 2002. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 29, 2002. Without the benefit of tolling, Petitioner had one year from July 29, 2002, until July 29, 2003, to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed his first motion for relief from judgment on June 10, 2003. Because the statute of limitations began to run on July 29, 2002, he had only forty-nine days remaining in the one-year limitations period when he filed the motion. The Court will assume without deciding that the statute of limitations remained tolled throughout Petitioner's post-conviction proceedings, until the Michigan Supreme Court denied his application for leave to appeal on April 28, 2009. Thereafter, Petitioner had forty-nine days, until June 16, 2009, in which to file his habeas petition. The instant petition was filed on June 1, 2010, almost a year after the statute of limitations expired. Accordingly, the petition is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d

638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: June 22, 2010                                    /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).