UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS JOHNSON,

    Petitioner,                                                        Case No. 1:10-cv-537

v                                                                      HON. JANET T. NEFF

CAROL HOWES,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1) (Dkt 3). The matter is presently before the Court on Petitioner's objections to the R & R (Dkt 4). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court grants the objections and issues this Opinion and Order.

As the Magistrate Judge correctly noted, late filed habeas corpus petitions are generally barred by the one-year statute of limitations applicable to § 2254. Furthermore, those petitions that plainly appear time-barred on their face may be dismissed *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also* RULES GOVERNING § 2254 CASES, Rule 4. In this case, after undertaking a review of Petitioner's habeas petition, the Magistrate Judge determined that the petition was barred by the one-year statute of limitations and recommended dismissal (Dkt 3).

In his objections to the R & R, Petitioner argues that his petition should not have been dismissed because the one-year limitations period had not yet run by the date he filed his petition on or about June 1, 2010 (Dkt 4 at 1). He contends that the Magistrate Judge erroneously determined that the one-year period in which he could file a petition began running from the date that his initial conviction became final, on July 29, 2002, ninety days after the Michigan Supreme Court denied his application for leave to appeal from that conviction (Dkt 4 at 2-4; *see* Dkt 3 at 5). According to Petitioner, the one-year period instead began to run on or about July 27, 2009, based on when the direct review of his *resentencing* became final (Dkt 4 at 4).

Petitioner's contention has merit. Pursuant to 28 U.S.C. § 2244(d)(2), the Magistrate Judge treated as tolled the time between Petitioner's June 10, 2003 filing of his first request for post-conviction relief from judgment and the Michigan Supreme Court's April 28, 2009 denial of his application for leave to appeal from his resentencing (Dkt 3 at 5). The effect of the resentencing, however, was not to toll the limitations period, but rather to restart it pursuant to § 2244(d)(1)(A) as of the date his resentencing became final, on or about July 27, 2009, ninety days after his application for leave to appeal that judgment to the Michigan Supreme Court was denied. *See Magwood v. Patterson,* \_\_\_ U.S. \_\_\_; 130 S. Ct. 2788, 2800 (2010) ("the existence of a new judgment is dispositive"); *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006) ("[T]he one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final.").

Therefore, to the extent that Petitioner challenges the constitutionality of his resentencing only, rather than his initial conviction, his petition was timely filed. *See Linscott, supra* ("This

2

holding expressly restricts itself to petitions that challenge the resentencing decision itself – that is, to petitions that bring legal challenges to the same event that causes the restarting of the statute of limitations clock."). Accordingly, this Court will remand this case to the Magistrate Judge with instructions for further review of the petition to the extent Petitioner challenges the constitutionality of his resentencing.

Accordingly:

**IT IS HEREBY ORDERED** that Petitioner's Objections to the Report & Recommendation (Dkt 4) are GRANTED, and the Report and Recommendation is REJECTED.

**IT IS FURTHER ORDERED** that this case is REMANDED to the Magistrate Judge for further review consistent with this Opinion and Order.


Date: August 27, 2010                                  /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge