UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MORRIS JOHNSON,

|                | Petitioner, | Case No. 1:10-cv-537 |
|----------------|-------------|----------------------|
| v.             |             | Honorable Janet T. Neff |

CAROL HOWES,

Respondent.

_____/

## OPINION

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. This matter now is before the Court upon Petitioner's motion for a stay of the proceedings (docket #6). For the reasons set forth below, the Court will deny Petitioner's motion for a stay and will order service of the petition to the extent that it challenges his re-sentencing.

## Procedural History

Petitioner is incarcerated in the Florence Crane Correctional Facility. He was convicted in the Calhoun County Circuit Court of assault with intent to do great bodily harm less than murder for setting his girlfriend on fire. He initially was sentenced as a fourth habitual offender to a term of twenty-five to forty years' imprisonment, but as discussed below, the trial court later resentenced him as a third habitual offender to imprisonment of 160 to 240 months. The Michigan Court of Appeals affirmed his conviction in an unpublished opinion issued on November 6, 2001 and the Michigan Supreme Court denied his application for leave to appeal on April 29, 2002. *See People v. Johnson*, No. 218999 (Mich. Ct. App. Nov. 6, 2001); *People v. Johnson*, No. 120448 (Mich. Apr. 29, 2002).

Petitioner filed numerous post-conviction motions, including an attack on his fourth habitual offender enhancement. The Michigan Court of Appeals found that Petitioner presented new evidence that one of the felony convictions underlying the habitual offender supplement had been reduced to a misdemeanor, and, thus, Petitioner was entitled to re-sentencing as a third habitual offender. *See People v. Johnson*, No. 278485 (Mich. Ct. App. Dec. 14, 2007). On February 25, 2009, Petitioner was re-sentenced as a third habitual offender to imprisonment of 160 to 240 months or thirteen to twenty years. Following re-sentencing, Petitioner filed an appeal claiming that the trial court erred in calculating the sentencing guidelines by departing upward from the guideline range. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on December 2, 2008 and April 28, 2009, respectively. *See People v. Johnson*, No. 287928 (Mich. Ct. App. Dec. 2, 2008); *People v. Johnson*, No. 138131 (Mich. Apr. 28, 2009).

Petitioner filed the instant petition on or about June 1, 2010, raising the following ten claims that appear to relate to his re-sentencing:

I.     THE TRIAL COURT ABUSED IT[]S DISCRETION AND DENIED PETITIONER HIS 5TH, 6TH, 8TH & 14TH AMENDMENT RIGHTS WHEN IT INCREASED DEFENDANT/PETITIONER'S SENTENCE CONTRARY TO THE HOLDINGS IN BLAKELY, APPRENDI, BOOKER & JONES.

II.    THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED PETITIONER HIS 5TH & 14TH AMENDMENT RIGHTS WHEN IT USED A PRESENTENCE REPORT THAT WAS INCOMPLETE TO SENTENCE PETITIONER.

III.   PETITIONER WAS DENIED HIS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL & 14TH AMENDMENT RIGHTS WHEN HIS TRIAL COUNSEL TOLD DEFENDANT TO ACCEPT THE PRESENTENCE REPORT "AS IS" AND THAT HE WOULD GET THE SENTENCE REDUCED.

IV.    PETITIONER WAS DENIED HIS 6TH & 14TH AMENDMENT RIGHTS WHEN TRIAL COUNSEL DIDN'T CITE ANY STATE OR FEDERAL

-2-

STATUTES OR CONSTITUTIONAL CASE-LAW IN SUPPORT OF HIS ARGUMENTS.

V. THE TRIAL COURT DENIED PETITIONER HIS 5TH, 6TH & 14TH AMENDMENT RIGHTS WHEN IT FOUND AN AGGRAVAT[ING FACTOR] THAT DID NOT EXIST AND USED IT TO INCREASE PETITIONER'S SENTENCE.

VI. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED PETITIONER HIS 5TH, 6TH & 14TH AMENDMENT RIGHTS WHEN IT MADE AN INDEPENDENT FINDING OF GUILTY OF A GREATER CRIME AND SENTENCED PETITIONER AS SUCH.

VII. PETITIONER WAS DENIED HIS 6TH &14TH AMENDMENT RIGHTS WHEN HIS APPELLATE COUNSEL DIDN'T CONTACT PETITIONER'S TRIAL COUNSEL AND ASK ABOUT HIS LACK OF STRATEGY AT SENTENCING NOT CITE TRIAL COUNSEL FOR BEING INEFFECTIVE FOR NOT CITING MICHIGAN OR FEDERAL CONSTITUTIONAL LAW IN HIS ARGUMENT FOR A REDUCED SENTENCE.

VIII. PETITIONER WAS DENIED HIS 6TH & 14TH AMENDMENT RIGHTS WHEN HIS APPELLATE COUNSEL DIDN'T CITE ANY MICHIGAN OR FEDERAL CONSTITUTIONAL VIOLATIONS OR CASE-LAW IN HER BRIEF.

IX. PETITIONER WAS DENIED HIS 6TH AND 14TH AMENDMENT RIGHTS WHEN HIS APPELLATE COUNSEL CITED THE SAME BASIC TIME THAT THE TRIAL COURT CITED IN IT[]S DETERMINATION FOR AN INCREASED SENTENCE.

X. THE TRIAL COURT SHOWED VINDICTIVENESS AND DENIED PETITIONER HIS 5TH, 8TH & 14TH AMENDMENT RIGHTS WHEN IT SENTENCED PETITIONER TO THE MAXIMUM ALLOWED BY LAW AFTER THE TRIAL COURT WAS ORDERED BY THE COURT OF APPEALS TO RESENTENCE PETITIONER AS A 3RD HABITUAL OFFENDER.

(Br. in Support, docket #1-2, Page ID##21-22.)

The Magistrate issued a report and recommendation (R&R) to dismiss the petition because it was barred by the one-year statute of limitations. In his objections to the R & R, Petitioner argued that the Magistrate Judge erroneously determined that the one-year period in which he could

file a petition began to run on the date that his initial conviction became final, on July 29, 2002, ninety days after the Michigan Supreme Court denied his application for leave to appeal. According to Petitioner, the one-year period instead began to run on or about July 27, 2009, when direct review of his *resentencing* became final. The Court found merit in Petitioner's contention to the extent that he was challenging his resentencing. The Court concluded in the opinion and order rejecting the R&R, "Therefore, to the extent that Petitioner challenges the constitutionality of his resentencing only, rather than his initial conviction, his petition was timely filed." (8/27/10 Op. & Ord., docket #5, Page ID#139.) The Court remanded the case to the Magistrate Judge "for further review of the petition to the extent Petitioner challenges the constitutionality of his resentencing." (8/27/10 Op. & Ord., Page ID#140.)

On September 8, 2011, Petitioner filed a motion for a stay of the proceedings (docket #6). According to his motion and supporting exhibits, Janet Graham submitted Freedom of Information Act (FOIA) request filed on behalf of Petitioner on March 26, 2009, requesting copies of statements, admissions or interviews given to or given by various police officers. The request also included copies of all photographs, specific and expert test results, medical reports, and police reports associated with the case, as well as a copy of the 911 call. (FOIA Request, Page ID#147.) Ninety-four pages of documents were provided in response to the FOIA request. Petitioner asserts that as a result of the documents provided, he discovered new evidence that the prosecutor withheld potentially exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Petitioner contends that the prosecutor failed to provide the defense with reports and statements made by some of the first-responders that allegedly conflict with statements the victim made to other first responders identifying Petitioner as the person who set her on fire.

-4-

**Discussion**

Petitioner seeks a stay of these proceedings while he exhausts his newly discovered claim in the state courts.[1]  The Supreme Court has held that stay-and-abeyance procedures should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and  encouraging petitioners to first exhaust all of  their claims in the state courts.  *See Rhines v. Weber*,  544 U.S. 269, 277 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

For cause, Petitioner contends that he failed to exhaust his claims in earlier proceedings because his claim was not yet discovered as a result of the prosecutor's misconduct and the ineffective assistance of his trial and appellate counsel.  However, Petitioner's conviction became final in 2003.  Petitioner does not allege why he was unable to request or otherwise discover information contained in the police reports until more than six years later in 2009.

---

[1] An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Under the Michigan Court Rules, a person convicted of a criminal offense may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et. seq.* As a general rule, only one motion for relief from judgment may be filed with regard to a conviction, but the rule creates an exception for claims resulting from a retroactive change in the law or a claim of new evidence not discovered before the first motion.  Mich. Ct. R. 6.502(G).  Petitioner previously filed various post-conviction motion, including a motion for relief from judgment, but is asserting a claim of newly discovered evidence under the exception.  When it is uncertain whether the Michigan courts will consider the petitioner's habeas claims on the merits, this Court will presume that such state relief is available to the petitioner. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995); *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991).  The state courts should have a full and fair opportunity to cure any constitutional infirmities in Petitioner's conviction. *See Brewer*, 942 F.2d at 340.  Therefore, for purposes of this opinion, the Court will assume that Petitioner has an available state-court remedy through which to exhaust his *Brady* claim.

Moreover, Petitioner's motion to stay is futile because his *Brady* claim appears to be barred by the statute of limitations because it related to his underlying conviction, not his re-sentencing. Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The District Court found that any claims relating to Petitioner's underlying conviction would be untimely if the statute of limitations began to run on the date on which the judgment became final by the conclusion of direct review, as provided in subsection (A).  Petitioner appears to invoke subsection (D) by claiming that he could not have discovered his *Brady* claim until he received the police records in response to the FOIA request.  Assuming subsection (D) is applicable, the one-year statute of limitations began to run when Petitioner received the response to the FOIA request and could "discover" his *Brady* claim.  Petitioner indicated that the FOIA request was made on March 26, 2009, but he did not state when he received the requested materials.  Consequently, the Court issued an order requiring Petitioner "to file an affidavit with the date upon which the Battle Creek Police Department provided the documents in response to the FOIA request." (10/25/11 Ord., docket #7.)

In response to the Court's order, Petitioner filed an affidavit, stating in pertinent part: "Janet Graham filed a F.O.I.A. request on Petitioner's behalf on March 23, 2009 to help Petitioner prove his innocence.  The request was denied concerning the 911 call and photos of the victim and crime scene on April 2, 2009 because they were not in the Police department's possession."  (Pet. Aff., docket #8, Page ID#187.)  Thus, instead of telling the Court when he received the 94 pages of documents in response to his FOIA request, Petitioner provided the date that his request for photographs was denied.  Assuming Petitioner received the documents from which he allegedly discovered his *Brady* claim on April 2, 2009, the statute of limitations ran one year later on April 2, 2010.  Petitioner did not file his motion to stay asserting his *Brady* claim until September 8, 2011, more than seventeen months after the statute of limitations expired.  Because Petitioner has not demonstrated that his *Brady* claim is timely under any provision of § 2244(d), it would be futile for the Court to grant him a stay the proceedings while he exhausts his claim in the state courts.  Accordingly, Petitioner's motion to stay will be denied.[2]

For the reasons stated in the Court's previous Opinion and Order, the Court orders Respondent to answer Petitioner's grounds for habeas corpus relief to the extent they relate to his re-sentencing.

---

[2]Notwithstanding the denial of his motion to stay, Petitioner may continue to pursue any remedies he has available in the state courts.

## **Conclusion**

For the foregoing reasons, Petitioner's motion for a stay of the proceedings  will be

denied.  Respondent will be ordered to answer the petition to the extent Petitioner's grounds for

relief relate to his re-sentencing.  An order consistent with this opinion will be entered.

Dated:   December 13, 2011            /s/ Janet T. Neff
                                      Janet T. Neff
                                      United States District Judge